IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Zinganything, LLC**, | ) | |
| 1760 Wadsworth Road | ) | Case No. |
| Akron, Ohio 44320, | ) | |
| | ) | Judge: |
| Plaintiff, | ) | |
| | ) | Magistrate: |
| v. | ) | |
| | ) | |
| **The Import Store**, | ) | **COMPLAINT FOR COUNTERFEITING,** |
| c/o Matt Kirkham | ) | **PATENT INFRINGEMENT,** |
| 2316 Ashland Ave. | ) | **TRADEMARK INFRINGEMENT,** |
| Fort Worth, Texas 76102, | ) | **COPYRIGHT INFRINGEMENT,** |
| | ) | **AND UNFAIR COMPETITION** |
| and, | ) | |
| | ) | *(Jury Demand Endorsed Hereon)* |
| **Shih Ho Wang**, | ) | |
| dba everbuying.com | ) | |
| 1613 Holly Lane | ) | |
| Davis, California 95616, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **Marzotti Inc.**, | ) | |
| 3477 Corporate Pkwy., Ste. 113 | ) | |
| Center Valley, PA 18034, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **Preferred Office Supplies Inc.**, | ) | |
| 1533 40th Street, Apt. 1r | ) | |
| Brooklyn, NY 11218, | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, *Zinganything, LLC*, and for its Complaint against the Defendants hereby alleges as follows:

Plaintiff's Complaint - 1

1 - 1 -

## THE PARTIES

1. The Plaintiff, Zinganything, LLC, is a limited liability company organized under the laws of Ohio, and has its principal place of business in Akron, Ohio, County of Summit.

2. The Defendant, The Import Store, upon information and belief, is a business entity located in Texas, which makes, uses, sells, offers for sale, and/or imports infringing products in the United States in this judicial district and elsewhere.

3. The Defendant, Shih Ho Wang, upon information and belief, is an individual located in California, who does business through everbuying.com, ahappydeal.com, and davismicro.com, who makes, uses, sells, offers for sale, and/or imports infringing and products in the United States in this judicial district and elsewhere.

4. The Defendant, Marzotti Inc., upon information and belief, is a corporation located in Pennsylvania, which does business as a seller on amazon.com, which makes, uses, sells, offers for sale, and/or imports infringing and counterfeit products in the United States in this judicial district and elsewhere.

5. The Defendant, Preferred Office Supplies Inc., upon information and belief, is a corporation located in New York, operated by Samuel Fleishman, which does business as a seller on amazon.com, which makes, uses, sells, offers for sale, and/or imports infringing and counterfeit products in the United States in this judicial district and elsewhere.

## JURISDICTION AND VENUE

6. This is an action for counterfeiting, which spans "across the board" intellectual property infringement including, but not limited to, patent infringement, copyright infringement, and trademark infringement. The patent claims arise under the patent laws of the United States,

specifically 35 U.S.C. § 281 *et al*. The trademark claims arise under the trademark laws of the United States, specifically 15 U.S.C. § 1114(1) *et al*. The copyright claims arise under the copyright laws of the United States, specifically 18 U.S.C. 2318(e)(1) *et al*.

7. Although this is a civil action seeking injunctive relief and damages, the Defendants' counterfeiting involved in this case is also a criminal offense under United States law as noted in the above statutes.

8. This Court has federal question subject matter jurisdiction in this matter, at least, pursuant to 28 U.S.C. §§ 1331, 1338, and 35 U.S.C. § 281 *et al.* because this action arises under federal law of the United States.

9. In addition or in the alternative to this Court's federal question jurisdiction, this Court also has subject matter jurisdiction pursuant to diversity of citizenship principles as the parties are from different states and the amount in controversy exceeds $75,000.

10. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

11. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state." In this case, the Defendants transact business in this state. The Defendants sell infringing and counterfeit product in this district and elsewhere.

12. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action

arising from the person's: (2) Contracting to supply services or goods in this state." In this case, the Defendants contract to supply goods in this state. The Defendants sell infringing and counterfeit product in this district and elsewhere.

13. Notably, some of the Defendants' websites in this case are active rather than passive websites, meaning, they permit Ohio users to place orders, to store personal account information, to register a username and password, to access customer service, and to ship products to different states, including Ohio. Websites with similar features have been found to satisfy the 'purposeful availment' requirement of the "minimum contacts" analysis satisfying due process. *See, e.g., Solar X Eyewear, LLC v. Bowyer*, 2011 WL 3418306 (N.D. Ohio Aug. 4, 2011); *Wood v. 1-800-Got-Junk?, LLC*, 2007 WL 895008 (S.D. Ohio March 22, 2007); *V Secret Catalogue v. Zdrok*, 2003 WL 22136303 (S.D. Ohio Aug. 29, 2003); *Bath and Body Works, Inc. v. Wal-Mart Stores, Inc.*, 2000 WL 1810478 (S.D. Ohio Sept. 12, 2000).

14. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) *et al.* because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and infringement occurred within this judicial district. Further, the Plaintiff, and its witnesses and evidence, are located in this district. Venue is proper here.

### **FACTUAL ALLEGATIONS**

15. Since its founding, the Plaintiff has introduced a revolutionary product line and technology designed with the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice.

Plaintiff's Complaint - 4

4 - 4 -

16. The Plaintiff's products include the Citrus Zinger®, Aqua Zinger®, Salad Zinger®, Vodka Zinger®, and Kid Zinger®, among others.

17. The Citrus Zinger® was the Plaintiff's first product and is it's most successful. The Plaintiff's products are sold worldwide via its website, through distributors, at various retailers, and through large retailers such as Brookstone®.

18. The Citrus Zinger® naturally infuses the flavor, aroma, hue, plus the added vitamin, minerals, and nutrients, naturally when using fresh ingredients like fruits/vegetables in the Citrus Zinger®.

19. The Citrus Zinger® was developed to make a positive contribution toward improving daily diets – both in the food we eat and the beverages we drink. The Plaintiff strongly believes in the infusion of farm fresh ingredients and strives to create innovative tools to harness this power. The Plaintiff hopes its products can become a driving force in helping the average consumer divert from unhealthy beverage choices.

20. With the Citrus Zinger®, users can avoid refined sugars, artificial flavorings, preservatives, and colorings while opting for nutritional hydration utilizing all-natural ingredients.

21. The Citrus Zinger® is safe, durable, and eco-friendly, made from Eastman Tritan BPA/EA-free plastics and food-grade safe materials.

22. The Plaintiff's Citrus Zinger® has enjoyed considerable success and has been featured on television talk shows, countless industry tradeshows, and various other media outlets.

23. Mr. Joshua A. Lefkovitz is the founder and CEO of the Plaintiff corporation.

24. On December 24, 2013, United States Utility Patent No. 8,613,402, entitled "Essence Extractor" (hereinafter referred to as the '402 patent) duly and legally issued to Joshua A.

Lefkovitz, as inventor, for the aforementioned invention. (A true and accurate copy of the '402 patent as issued is attached hereto as "Exhibit 1.")

25. All rights to the '402 patent, including but not limited to, the right to recover for infringement thereunder, have been assigned to the Plaintiff, Zinganything, LLC.

26. The '402 patent teaches a portable liquid containing essence extractor integrating continuous fluid communication such that there is continuous blending of freshly extracted oils within the container with a separation mechanism between the essence extractor and liquid container that obstructs communication of solids from the extractor while still permitting fluid communication. The Plaintiff's product line, including the Citrus Zinger®, reads on the '402 patent.

27. On August 20, 2013, U.S. Trademark No. 4,386,433 (hereinafter the '433 mark') registered to the Plaintiff for the trademark "zinger" in the classification of beverage dispensers and water bottles *et al*. (A true and accurate copy of the '433 mark' is attached hereto as "Exhibit 2.")

28. On March 4, 2014, U.S. Trademark No. 4,490,831 (hereinafter the '831 mark') registered to the Plaintiff for the trademark "citrus zinger" in the classification of bottles, plastic bottles, and beverage dispensers *et al*. (A true and accurate copy of the '831 mark' is attached hereto as "Exhibit 3.")

29. Effective May 29, 2013, the Plaintiff has a Copyright via Copyright Registration No. TX 7-765-274 for the original content including text, photos, and artwork on its website, zinganything.com. (See a true and accurate copy of the Copyright Registration attached as "Exhibit 4.")

30. The Plaintiff's famous Citrus Zinger® is protected by said intellectual property via patent, trademark, and copyright laws.

31. The Defendant, The Import Store, operates an active website at the importstore.com. Among other things, the Defendant offers for sale a product called the "1 piece fruit water bottle." (See a copy of the offer for sale attached as "Exhibit 5," and a copy of a sale in this district attached as "Exhibit 6.")

32. Defendant The Import Store's product offering (Ex. 5 and 6) is a patent infringement of Plaintiff's '402 patent. Further, the Defendant wrongfully includes copyrighted materials from Plaintiff's copyright within the Defendant's offer for sale, and attached to the product. The Defendant is engaged in, at least, patent infringement and copyright infringement.

33. The Defendant, Shih Ho Wang, operates active websites at the everbuying.com, ahappydeal.com, and davismirco.com. Among other things, the Defendant offers for sale a product called the "Anti-shock and No Off-smell Healthy Manual Juice Cup." (See a copy of the offer for sale attached as "Exhibit 7," and a copy of a sale in this district attached as "Exhibit 8.")

34. Defendant Shih Ho Wang's product offering (Ex. 7 and 8) is a patent infringement of Plaintiff's '402 patent. Further, the Defendant wrongfully includes copyrighted materials from Plaintiff's copyright within the Defendant's offer for sale, and attached to the product. The Defendant is engaged in, at least, patent infringement and copyright infringement.

35. The Defendant, Marzotti Inc., operates as an amazon.com seller. Among other things, the Defendant offers for sale a product called the "Zing Anything Citrus Zinger." (See a copy of a sale attached as "Exhibit 9.")

36. Defendant Marzotti's product offering (Ex. 9) is counterfeit. Defendant utilizes copyrighted images of the Plaintiff's Citrus Zinger® from Plaintiff's website. The picture of the bottle is copyrighted and is a picture Plaintiff took of its own product for display on Plaintiff's website. However, the product actually being sold and shipped by Defendant is a counterfeit Citrus Zinger® not manufactured by Plaintiff. The product Defendant actually sells is Chinese counterfeit. Defendant thus wrongfully displays Plaintiff's copyrighted images, which contain a picture of Plaintiff's product with the Plaintiff's trademark thereon, and then the Defendant actually ships a counterfeit product not made by Plaintiff. Defendant is engaged in "across the board" intellectual property infringement, counterfeit, and is attempting to 'pass off' counterfeit as product associated with Plaintiff.

37. The Defendant, Preferred Office Supplies Inc., operates as an amazon.com seller. Among other things, the Defendant offers for sale a product called the "Zing Anything Citrus Zinger." (See a copy of a sale attached as "Exhibit 10.")

38. Defendant Preferred Office Supplies Inc.'s product offering (Ex. 10) is counterfeit. Defendant utilizes copyrighted images of the Plaintiff's Citrus Zinger® from Plaintiff's website. The picture of the bottle is copyrighted and is a picture Plaintiff took of its own product for display on Plaintiff's website. However, the product actually being sold and shipped by Defendant is a counterfeit Citrus Zinger® not manufactured by Plaintiff. The product Defendant actually sells is Chinese counterfeit. Defendant thus wrongfully displays Plaintiff's copyrighted images, which contain a picture of Plaintiff's product with the Plaintiff's trademark thereon, and then the Defendant actually ships a counterfeit product not made by Plaintiff. Defendant is engaged in "across the board" intellectual property

infringement, counterfeit, and is attempting to 'pass off' counterfeit as product associated with Plaintiff.

39. The Defendants have sold their infringing product in this judicial district in Ohio and elsewhere.

40. The aforementioned activities of the Defendants have also injured and threaten future and immediate injury to the Plaintiff. More specifically, the Defendants' activities have diminished the Plaintiff's goodwill and caused the Plaintiff to lose sales that it otherwise would have made but for the sales of the Defendants.

41. The Defendants are not authorized in any way to sell their infringing products or to use the intellectual property owned by the Plaintiff.

42. The Plaintiff is entitled to an award of damages against Defendants, and is entitled to injunctive relief.

### CLAIM NO. 1
*(Patent Infringement – 35 U.S.C. § 271 et seq.)*

43. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

44. All of the Defendants have been and are currently making, using, offering for sale, selling, and/or importing products that infringe the '402 utility patent. (See Ex. 1.)

45. The Defendants' conduct is an infringement of the '402 patent, and in violation of 35 U.S.C. § 271 within this judicial district and elsewhere.

46. The Defendants will continue to make, use, offer for sale, sell, and import their infringing products unless enjoined by this Court.

47. Upon information and belief, the Defendants have been, and are, actively inducing infringement of the '402 patent, by offering for sale and selling their infringing products to dealers at wholesale prices who have, and will continue to, offer them for sale and sell them to end users.

48. The Defendants' infringement is, and at all times has been, deliberate, willful, with full knowledge of the Plaintiff's rights, and wanton, and as a result, the Plaintiff is entitled to treble damages pursuant to 35 U.S.C. § 284.

49. This is an exceptional case within the meaning of 35 U.S.C. § 285, and the award of appropriate attorney's fees is justified.

### CLAIM NO. 2
*(Copyright Infringement – 17 U.S.C. § 501 et seq.)*

50. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

51. All of the Defendants have been and are currently making, using, offering for sale, selling, and/or importing products, and in doing, are misusing Plaintiff's copyrighted text, photos, and images in connection with their offer for sale and sales. (See Ex. 4.)

52. The Defendants' conduct violates the Plaintiff's right to control reproduction, distribution, and display of copyrighted works in violation of 17 U.S.C. §§ 106-122, 602 *et al*.

53. The Plaintiff is entitled to an injunction, actual damages or statutory damages at Plaintiff's election, costs and attorney's fees.

54. The Defendants will continue to misuse Plaintiff's copyrighted materials unless enjoined by this Court.

### CLAIM NO. 3
*(Counterfeit or Illicit Labels and Counterfeit Documentation and Packaging for Copyrighted Works – 18 U.S.C. § 2318(e)(1) et seq.)*

55. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

56. The Defendants, Marzotti Inc., and Preferred Office Supplies Inc., have been knowingly trafficking in a counterfeit label or illicit label affixed to or accompanying a copyrighted work, and have been trafficking in counterfeit documentation and packaging. (See Exs. 4.)

57. The Defendants' conduct violates 18 U.S.C. §2318(e)(1) *et al*.

58. The Plaintiff is entitled to an injunction, impounding of articles, attorney's fees and costs, and actual damages or statutory damages at the election of Plaintiff.

59. Plaintiff is further entitled to a trebling of damages pursuant to 18 U.S.C. § 2318(e)(5).

60. The Defendants will continue to misuse Plaintiff's copyrighted materials unless enjoined by this Court.

### CLAIM NO. 4
*(Trademark Infringement – 15 U.S.C. § 1114(1) et seq.)*

61. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

62. The Defendants, Marzotti Inc., and Preferred Office Supplies Inc., have been and are currently making, using, offering for sale, selling, and/or importing products, and in doing, are misusing Plaintiff's trademarks. (See Exs. 2, 3.)

63. The Defendants have used without authorization the Plaintiff's federally registered marks in connection with the sale, offer for sale, distribution, and advertising of goods, which is likely to cause consumer confusion, mistake, or deception.

64. The Defendants have also intentionally misused in commerce counterfeit marks or designations in connection with the sale, offering for sale, and distribution of goods knowing that such marks are counterfeit.

65. The Plaintiff is entitled to an injunction, destruction of the counterfeit, seizure of the counterfeit, trebling of damages, attorney's fees, and/or statutory damages at Plaintiff's election under 15 U.S.C. § 1117(c)(1) and (c)(2) *et al*.

66. The Defendants will continue to misuse Plaintiff's trademarks unless enjoined by this Court.

### CLAIM NO. 5
*(Unfair Competition – 15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*

67. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

68. All of the Defendants have used, and are using, the Plaintiff's Citrus Zinger® and Zinger® trademarks, and copyrights, without any authorization from the Plaintiff. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's intellectual property.

69. The Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff.

70. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights.

71. The Defendants' actions described herein constitute unfair competition in violation of Plaintiff's rights under the Lanham Act.

### CLAIM NO. 6
*(Ohio Unfair Competition – O.R.C § 4165.02 et seq.)*

72. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

73. All of the Defendants' acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court enter an Order against the Defendants as follows:

A) A preliminary injunction and permanent injunction enjoining the Defendants from making, using, offering for sale, selling, and/or importing any product that infringes upon the '402 patent;

B) An award of damages adequate to compensate for the patent infringement including lost profits but in no event less than a reasonable royalty, together with interest and costs pursuant to 35 U.S.C. § 284 *et al.*;

C) A trebling of patent infringement damages pursuant to 35 U.S.C. § 284 *et al.*;

D) Attorney's fees in a patent case pursuant to 35 U.S.C. § 285 *et al.*;

E) An injunction for trademark infringement pursuant to 15 U.S.C. § 1116(a) *et al.*;

F) Damages from trademark infringement including lost profits pursuant to 15 U.S.C. § 1117(a) *et al.*;

G) Attorney's fee in a trademark case pursuant to 15 U.S.C. § 1117(a) *et al.*;

H) A destruction order for counterfeiting pursuant to 15 U.S.C. § 1118 *et al.*;

I) A trebling of damages in a trademark case plus attorney's fees pursuant to 15 U.S.C. § 1117(b) *et al.*;

J) An award of statutory damages in a trademark case at Plaintiff's election pursuant to 15 U.S.C. § 1117(c)(1) *et al.*;

K) An award of statutory damages for willful counterfeiting of not more than $2,000,000 per counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2) *et al.*;

L) An injunction for copyright infringement pursuant to 17 U.S.C. § 502 *et al.*;

M) Impounding, destruction, or other reasonable disposition of all copies made in violation of the copyright laws pursuant to 17 U.S.C. § 503 *et al.*;

N) Actual damages for copyright infringement pursuant to 17 U.S.C. § 504(b) *et al.*;

O) Statutory damages for copyright infringement at Plaintiff's election pursuant to 17 U.S.C. § 504(c)(1) *et al.*;

P) An increase of statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2) *et al.*;

Q) Costs and attorney's fees to Plaintiff pursuant to 17 U.S.C. § 505 *et al.*;

R) An accounting for damages resulting from Defendants' intellectual property infringement;

S) An assessment of interest on the damages so computed;

T) Judgment against Defendants indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendants to any person who was confused as to some association between the Plaintiff and Defendants as alleged in this Complaint;

U) Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial;

V) Requiring Defendants to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendants to disgorge any and all profits derived by Defendants for selling infringing product;

W) Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product;

X) Requiring Defendants to provide the location of any and all manufacturing equipment, including but not limited to, molds used to manufacture infringing product;

Y) Requiring Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver said equipment to the Plaintiff;

Z) Ordering a product recall of infringing product for destruction;

AA) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

BB) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

CC) Damages according to each cause of action herein;

DD) Prejudgment interest; and,

EE) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Most Respectfully Submitted,


   **/s/ David A. Welling**
**DAVID A. WELLING (0075934) (lead counsel)**
**C. VINCENT CHOKEN (0070530)**
*CHOKEN WELLING LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.    (330) 865 – 4949
Fax    (330) 865 – 3777
davidw@choken-welling.com
vincec@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*MCCARTHY LEBIT, CRYSTAL & LIFFMAN*
101 West Prospect Ave., Ste. 1800
Cleveland, Ohio 44115
Tel.    (216) 696 – 1422
Fax    (216) 696 – 1210
jdg@mccarthylebit.com

*Counsel for the Plaintiff*