UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZINGANYTHING, LLC, | ) | CASE NO. 5:14-cv-1121 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| IMPORT STORE, et al, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Presently before the Court is the motion of plaintiff Zinganything LLC ("plaintiff" or "Zinganything") for default judgment against defendant Marzotti, Inc. ("defendant" or "Marzotti") pursuant to Fed. R. Civ. P. 55(b)(2) for counterfeiting, including patent infringement, copyright infringement, and trademark infringement. (Doc. No. 59 (Motion for Default Judgment ["Motion"]).) In support of the motion, plaintiff filed the affidavit of its counsel, David Welling. (Doc. No. 59-1 (Affidavit in Support ["Welling Aff."]).).

For the reasons that follow, plaintiff's motion for default judgment is granted in part and denied in part.

## I. BACKGROUND

Defendant was properly served with a summons and the complaint, but failed to file a responsive pleading, or otherwise defend the lawsuit. (*See* Welling Aff. ¶ 5; Doc. No. 11.) Default was entered against defendant. (Doc. No. 58.).[1]

Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The following factual allegations from the second amended complaint are deemed admitted due to defendant's default.

Plaintiff Zinganything is a limited liability company organized under the laws of Ohio with its principal place of business in Akron, Ohio. (Doc. No. 25 (Second Amended Complaint ["SAC"]) ¶ 1.) Plaintiff introduced a product line and technology designed for the purpose of extracting the essence of all natural ingredients and allowing these flavors to infuse directly into a liquid of choice. (SAC ¶ 22.) On December 24, 2013, United States Patent No. 8,613,402, entitled "Essence Extractor" (the "402 patent"), was issued to Joshua A. Lefkovitz, as inventor, for the aforementioned invention, attached as exhibit 1 to the second amended complaint. (SAC ¶ 31.) All rights

---

[1] A copy of the default entry was mailed by the Clerk of Court to defendant at defendant's address of record, but the mailing was returned as undeliverable, indicating that the defendant moved from that address and the postmaster was unable to forward. (Doc. No. 60.).

to the 402 patent, including but not limited to the right to recover for infringement, have been assigned to plaintiff. (SAC ¶ 32.)

The Citrus Zinger® was the plaintiff's first product and most successful, and plaintiff's products are sold worldwide via its website, and through distributors and retailers. (SAC ¶ 24.) Plaintiff's product line, including the Citrus Zinger®, reads on the 402 patent. (SAC ¶ 33.).

On August 20, 2013, U.S. Trademark No. 4,386,433 (the "433 mark") was registered to plaintiff for the trademark "zinger" in the classification of beverage dispensers and water bottles (attached as exhibit 2 to the second amended complaint), and on March 4, 2014, U.S. Trademark No. 4,490,831 (the "831 mark") was registered to the plaintiff for the trademark "citrus zinger" in the classification of bottles, plastic bottles, and beverage dispensers (attached as exhibit 3 to the second amended complaint). (SAC ¶¶ 34-35.).

On May 29, 2013, plaintiff obtained Copyright Registration No. TX 7-765-274 for original content, including text, photos, and artwork on its website, zinganything.com (attached as exhibit 4 to the second amended complaint). (SAC ¶ 36.).

Defendant Marzotti is a corporation located in Pennsylvania, which does business as a seller on amazon.com, and which makes, uses, sells, offers for sale, and/or imports products in the United States in this judicial district and elsewhere. (SAC ¶ 4.) Defendant Marzotti's product offering for the "Zing Anything Citrus Zinger," shown at exhibit 9 of plaintiff's second amended complaint, is counterfeit. Defendant utilizes copyrighted images of plaintiff's Citrus Zinger® from plaintiff's website. The picture of the bottle is copyrighted and is a picture plaintiff took of its own product for display on

3

plaintiff's website. However, the product actually being sold and shipped by defendant Marzotti is a Chinese counterfeit not manufactured by plaintiff. Marzotti wrongfully displays plaintiff's copyrighted images, which contain a picture of plaintiff's product with the plaintiff's trademark thereon, and then the defendant ships to customers a counterfeit product not made by plaintiff. Defendant is engaged in "across the board" intellectual property infringement and counterfeiting, and is attempting to 'pass off' counterfeit goods as products associated with plaintiff. (SAC ¶ 43.) Marzotti has sold the infringing products in this judicial district in Ohio and elsewhere. (SAC ¶ 49.).

Marzotti has been, and is currently, willfully making, using, offering for sale, selling, and/or importing products that infringe the 402 patent, and is inducing infringement of the 402 patent by selling infringing product to dealers who, in turn, offer the product for sale and sell the product to end users. (SAC ¶¶ 54, 57, 58.) Moreover, Marzotti's use of plaintiff's federally registered trademarks in connection with the sale, offer for sale, distribution and advertising of defendant's counterfeit products has caused, and will continue to cause, mistake, confusion, and deception among consumers with respect to the authenticity, and origin of defendant's products, and association between plaintiff and defendant. (SAC ¶¶ 73, 80.) Moreover, defendant has intentionally misused the counterfeit marks in commerce. (SAC ¶ 74.).

Plaintiff has not authorized defendant Marzotti to sell infringing counterfeit products or to use plaintiff's intellectual property in any way. The aforementioned activities of the defendant have injured, and threaten future and immediate injury to the plaintiff. More specifically, the defendant's activities have

4

diminished plaintiff's goodwill and have caused plaintiff to lose sales that it otherwise would have made but for the sales of the defendant. (SAC ¶¶ 50-51.).

The second amended complaint claims that defendant has: (1) willfully infringed the 402 patent in violation of 35 U.S.C. § 271 *et seq.* (SAC ¶¶ 53-59); (2) infringed plaintiff's copyrighted works in violation of 17 U.S.C. § 501 *et seq.* (SAC ¶¶ 60-64); (3) knowingly trafficked in counterfeit labels, documentation, and packaging in violation of 18 U.S.C. § 2318(e)(1) *et seq.* (SAC ¶¶ 65-70); (4) infringed plaintiff's trademarks in violation of 15 U.S.C. § 1114(1) *et seq.* (SAC ¶¶ 71-76); (5) engaged in unfair competition in violation of 15 U.S.C. § 1125(a) (SAC ¶¶ 77-81); and (6) engaged in unfair competition in violation of Ohio Rev. Code § 4165.02 *et seq.* (SAC ¶¶ 82-83).

## II. DISCUSSION

### A. Default Judgment—Liability

Federal Rule of Civil Procedure 55 governs default and default judgment. Default has been entered by the clerk against defendant Marzotti pursuant to Rule 55(a). (Doc. No. 9.) After default has been entered, the Court may enter default judgment against the defendant with or without a hearing. Fed. R. Civ. P. 55(b). Based on the well-pleaded factual allegations in the second amended complaint, and the declaration submitted by the plaintiff in support of the motion, the Court concludes that there is a sufficient basis for determining defendant's liability without the need for a hearing.

Even though the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims for counterfeiting, patent infringement, trademark infringement, copyright

infringement, and unfair competition, for which the plaintiff seeks default judgment. *J&J Sports Prods., Inc. v. Rodriguez*, No. 1:08-CV-1350, 2008 WL 5083149, at *1 (N.D. Ohio Nov. 25, 2008) (citation omitted).

1. **Patent infringement**

     35 U.S.C. § 271(a) and (b) provide that:

**(a)** Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

**(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.

     Based on the admitted factual allegations in the complaint, which the Court accepts as true, plaintiff owns the 402 patent and defendant is making, using, selling, offering for sale in the United States, and/or importing a product that infringes plaintiff's patented invention into the United States, as well as actively inducing infringement of the patent by others. Accordingly, plaintiff is entitled to default judgment against Marzotti for infringement of the 402 patent.

2. **Trademark infringement and counterfeiting**

     15 U.S.C. § 1114(1)(a) and (b) provides that:

**(1)** Any person who shall, without the consent of the registrant--

> **(a)** use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or

> **(b)** reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive,

shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

To establish trademark infringement under 15 U.S.C. § 1114, plaintiff must show that: (1) it owns a valid trademark; (2) defendant used the trademark "in commerce" without plaintiff's authorization; (3) defendant used plaintiff's trademarks, or an imitation thereof, "in connection with the sale, offering for sale, distribution, or advertising" of goods and services; and (4) defendant's use of plaintiff's trademarks is likely to cause consumer confusion. *The Ohio State Univ. v. Skreened Ltd.*, 16 F. Supp. 3d 905, 910 (S.D. Ohio 2014) (citing 15 U.S.C. § 1114). The "touchstone of liability" for trademark infringement under 15 U.S.C. § 1114 "is whether defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Id*. (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997)).

Counterfeiting, under 15 U.S.C. § 1114, is a subset of infringement. *Id*. at 910 (citations omitted). "'To recover on a federal trademark counterfeiting claim, a plaintiff must show that: (1) the defendant infringed a registered trademark in violation of 15 U.S.C. § 1114; and (2) the defendant intentionally used the mark knowing it was a

7

counterfeit as the term counterfeit is defined in 15 U.S.C. § 1116. . . . Section 1116 defines 'counterfeit mark' as 'a mark that is registered on the principal register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knows such mark was so registered.' 15 U.S.C. § 1116(d)(1)(B)(i). Elsewhere, the statute provides additional clarification, defining 'counterfeit' as 'a spurious mark which is identical with, or substantially indistinguishable from, a registered mark.' 15 U.S.C. § 1127.'" *Id*. at 911 (quoting *Laukus v. Rio Brands, Inc.*, 391 F. App'x, 416, 425 (6th Cir. 2010)).

Based on the admitted factual allegations in the complaint, which the Court accepts as true, plaintiff has established the elements required to state a claim for relief for trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114. Plaintiff owns the trademarks at issue, and defendant has violated the Lanham Act by advertising, distributing offering for sale, and/or selling products in commerce that bear identical copies of plaintiff's trademarks, intentionally misusing the counterfeit marks, all without plaintiff's consent or authorization. By defaulting, defendant admits that its use of plaintiff's trademarks is has caused and will continue to cause confusion among consumers regarding the origin and quality of the goods offered by defendant.

Accordingly, plaintiff is entitled to default judgment against Marzotti for trademark infringement and counterfeiting.

### 3. Unfair competition

Under 15 U.S.C. § 1125(a):

**(a)** Civil action

> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> > **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Under the Lanham Act, the same test is used for trademark infringement and unfair competition: likelihood of confusion. *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (citing *Two Pesos v. Taco Cabana*, 505 U.S. 763, 780, 112 S. Ct. 2753, 120 L. Ed. 2d 615 (1992)). Based on the admitted factual allegations in plaintiff's second amended complaint, defendant has used plaintiff's trademarks in advertising, distributing and selling defendant's products, and has done so without plaintiff's consent or authorization. Defendant's goods are likely to be mistaken for the genuine product offered for sale by the plaintiff, and result in the confusion of consumers, who will

believe that defendant's counterfeit product is a genuine product originating from and approved by plaintiff. Thus, defendant is liable under 15 U.S.C. § 1125(a), Section 43(a) of the Lanham Act for unfair competition.

Accordingly, plaintiff is entitled to default judgment with respect to its claim for unfair competition in violation of 15 U.S.C. § 1125.

The analysis of an unfair competition claim under Ohio law—Ohio Rev. Code § 4165.02—is the same as that for an unfair competition claim under the Lanham act. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880-81 (S.D. Ohio 2007) (citing *ETW Corp. v. Jireh Publ'g, Inc*., 332 F.3d 915, 920 (6th Cir. 2003)) (other citations omitted). Accordingly, the Court finds that plaintiff is also entitled to default judgment with respect to its claim for unfair competition in violation of Ohio Rev. Code § 4165.02.

### 4. Copyright infringement

To establish copyright infringement, plaintiff must prove ownership of a valid copyright and copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991); *Stromback v. New Line Cinema*, 384 F.3d 283, 293 (6th Cir. 2004) (citing *Feist Publ'ns*, 499 U.S. at 361).

Plaintiff has a copyright for the "original content including text, photos, and artwork on its website, zinganything.com." (SAC ¶ 36.) Based on the admitted factual allegations in the second amended complaint, defendant Marzotti utilizes and displays for sale copyrighted images of plaintiff's Citrix Zinger from plaintiff's website. (SAC ¶ 43.) Accordingly, the Court finds that plaintiff is entitled to default judgment

with respect to its claim that Marzotti infringed plaintiff's exclusive rights in its copyright under 17 U.S.C. § 106.

**B. Default Judgment—Damages**

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr.*, 661 F.2d at 124). "[W]here the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment." *J&J Sports*, 2008 WL 5083149, at *1 (citing Fed. R. Civ. P. 55(b)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009)). The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id*. at *2 (citation omitted).

Plaintiff's motion for default judgment states that:

> Setting an amount of damages against said Defendant in default would require some speculation as to sales levels of said parties, which is unknown. Without data from each Defendant concerning sales, any amount of damages would be speculative. However, in the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be set at $25,000 as to said Defendant, which seems reasonable to Plaintiff in terms of Defendant's apparent size and conduct.

(Motion at 445-46.).

In addition, the affidavit of plaintiff's counsel, submitted in support of the motion, avers as follows:

> 9. Setting an amount of damages against said Defendant in default would require some speculation as to sales levels of said parties, which is unknown. Without data from each Defendant concerning sales, any amount of damages would be speculative.

11

> 10. In the interests of adjudicating this matter fully, Plaintiff respectfully requests damages to be set at $25,000 as to the Defendant, which seems reasonable to Plaintiff in terms of each Defendant's apparent size and conduct.

(Welling Aff. ¶¶ 9-10.).

Even in the context of default judgment, the Court has an obligation to ensure that there is a legitimate basis for any award of damages that it enters. *Hitachi Med. Sys. v. Lubbock Open MRI,* No. 5:09CV847, 2010 WL 5129311, at *2 (N.D. Ohio Dec. 10, 2010) (citations omitted). Damages may only be awarded on default judgment where the record adequately supports a basis for the award. *See id.*

In this case, plaintiff admits that underlying data that may provide evidentiary support for an award of damages—such as the amount of defendant's sales—is unknown and, without that data, setting an amount of damages would be speculative. The basis for plaintiff's request for $25,000.00 in damages is that the sum "seems reasonable" to the plaintiff in terms of defendant's "apparent size and conduct."

Plaintiff has provided no evidence to support an award of damages for default judgment in the amount of $25,000.00. The Court must abide by its obligation to only award damages adequately supported by the record. Consequently, the Court will not grant damages at this juncture.

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion for default judgment is granted in part and denied in part. Plaintiff's motion is granted on the issue of liability, and denied, without prejudice, on the issue of damages. By February 12, 2016, plaintiff

shall advise this Court in writing as to whether it intends to pursue damages and, if so, to propose a schedule for submission of the issue of damages to the Court.

**IT IS SO ORDERED**.

Dated: January 22, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**